GRACE L. WHITE, as Executrix of ALBERT R. WHITE, Deceased, Respondent, *v.* BOSTON AND MAINE RAILROAD, Defendant, and NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

Third Department, March 24, 1954.

*Earl H. Gallup, Jr.,* and *Charles E. Nichols* for appellant.

*Homer E. Peters* and *Edward Layden* for respondent.

Coon, J.   Plaintiff's husband was an employee of the Boston and Maine Railroad, hereinafter called "Boston and Maine." It is alleged that he was killed when struck by a caboose owned and operated by the defendant New York, New Haven and Hartford Railroad Company, hereinafter called the "New Haven," while walking in the railroad yard at Worcester, in the State of Massachusetts.   Plaintiff is a resident of the State of Maine and was appointed executrix of her husband's estate there.   She has brought this action to recover for the death of her husband in the Supreme Court, Rensselaer County, against Boston and Maine under the Federal Employers' Liability Act. and against New Haven under the Massachusetts death statutes.

Boston and Maine is a domestic corporation having its principal place .of business in the city of Troy, Rensselaer County,

N. Y., and is therefore a resident of such county. New Haven is a foreign corporation doing business within the State of New York, and an action may be properly brought against it in this State pursuant to subdivision 4 of section 225 of the General Corporation Law.

Defendant New Haven in making this motion for dismissal seeks to invoke the doctrine of *forum non conveniens,* and asserts that the New York State Supreme Court should decline jurisdiction of the action against it because both plaintiff and said defendant are nonresidents and the cause of action arose in another State. Under such circumstances it is well established and is conceded by the parties herein, that it rests within the sound discretion of the court whether it will accept or reject jurisdiction. (*Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244.)

It has become a general rule that the courts of New York will not retain jurisdiction of an action between nonresidents which arose outside of this State in the absence of some special circumstances or reason. Concededly, plaintiff in this action could not sue New Haven in the State of Maine. She could have sued both defendants in either Massachusetts or New York. She has elected to bring her action in New York. '' But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'' (*Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501, 508; *Bata* v. *Bata,* 304 N. Y. 51.)

Plaintiff has an absolute right to have her action against Boston and Maine litigated in New York. The court is bound to retain jurisdiction of that action. (*de la Bouillerie* v. *de Vienne,* 300 N. Y. 60.)

It will add only slightly to the burden of the court to litigate at the same time the action against New Haven. The modern tendency is to consolidate actions and try all of the issues at one time whenever it can be done without prejudice to a substantial right. (*Shlansky & Bro.* v. *Grossman,* 273 App. Div. 544.)

Appellant urges that its convenience and the convenience of its witnesses will be served by a trial of the action in Massachusetts. Under the doctrine of *forum non conveniens* it is the convenience of the court rather than the parties which is to be considered. (*Bata* v. *Bata, supra; Pietraroia* v. *New Jersey & Hudson Riv. Ry. & Ferry Co.,* 197 N. Y. 434.)

It is also urged that confusion will result because the same statutes and rules do not apply to the cause of action against each defendant. This is no obstacle to a joint trial. (*Cott* v.

*Erie R. R. Co.,* 189 App. Div. 571, affd. 231 N. Y. 67; *Reilly v. Moran Towing & Transp. Co.,* 62 N. Y. S. 2d 571, affd. 270 App. Div. 892.) The trial court will have no difficulty in protecting the rights of the respective parties under the law which is applicable to each.

We think the order of the court below was a proper exercise of discretion.

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Order affirmed, with $10 costs.