Samuel J. Silverman, J.
Defendant McCrory Corporation moves for an order pursuant to CPLR 3211 (subd. [a]) declining jurisdiction upon the ground that the parties are nonresidents and that the accident occurred outside the State of New York.
The complaint alleges that the infant sustained personal injuries on April 13, 1960 when a shirt which he was wearing ignited. The shirt had been purchased in a retail store of defendant H. L. Green Co., Inc. in Quincy, Mass.
At all times the infant plaintiff has been and is a resident of Massachusetts. At the time of the accident defendant H. L. Green Co., Inc., was a New York corporation doing business in Massachusetts.
On June 21, 1961 defendant H. L. Green Co., Inc., was consolidated into McCrory Corporation, a Delaware corporation, doing business both in New York and Massachusetts. By the consolidation the surviving corporation was McCrory Corporation, the Delaware corporation.
In 1962 the plaintiff infant commenced an action in the Massachusetts State Superior Court against defendant H. L. Green Co., Inc., to recover damages for the injuries sustained. Discovery procedure was instituted. Thereafter, plaintiff voluntarily discontinued the Massachusetts action without prejudice. The date of this discontinuance does not appear but defendant states it was “ almost on the eve of trial ”.
On June 23, 1964 an action was instituted in this court by the infant by a guardian ad litem who had been appointed by this court. In the caption the plaintiff is described as “ Stanley E. Michels, as Guardian ad Litem of Walter A. Chepetsky, Jr., an infant over the age of 14 years.”
The court cannot take seriously plaintiff’s contention that the reason for discontinuing the action in Massachusetts and bringing it in New York is the difficulty of obtaining information from defendant, in that defendant’s records, etc. are in New York, when the plaintiff infant is a resident of Massachusetts and presumably the witnesses to most of the events and the injuries and the medical evidence will all have to come from Massachusetts. There is nothing to indicate that the Massachusetts discovery and disclosure procedures are not quite adequate to meet the problem and protect the interests of all parties.
This is plainly a Massachusetts accident which can and should more conveniently be tried in Massachusetts. It is a case in which plaintiff is engaged in forum shopping, having tried one forum and then changed his mind about it. A litigant ‘ ‘ is open to the charge of forum shopping whenever he chooses a forum *214 with slight connection to the factual circumstances surrounding his suit”. (Rayco Mfg. Co. v. Chicopee Mfg. Co., 148 F. Supp. 588, 593 [S. D. N. Y., 1957].)
The administration of justice will clearly be better served by not burdening this court with this Massachusetts ease. If this court has discretion, it should exercise it to decline jurisdiction.
Plaintiff says that this court does not have discretion because (a) the guardian ad litem is a resident here, and (b) H. L. Green Co., Inc., is or was a New York corporation.
It is well established that if either plaintiff or defendant is a New York resident or corporation, this court cannot decline jurisdiction, and if one of two defendants is a New York corporation the court cannot decline jurisdiction as to that defendant, and in that event in the ordinary case it might as well keep the whole case. (White v. Boston & Maine R. R., 283 App. Div. 482 [3d Dept., 1954].)
(a) As to the guardian ad litem, the fact that he is a resident is irrelevant. Under New York law it was the rule and, I believe, still is the rule under the CPLR that in an action brought by an infant the infant and not the guardian ad litem is the real plaintiff and the real party in interest. (Arnold v. Williams, 17 Misc 2d 953, 954 [Supreme Ct., N. Y. County, 1959].) Indeed, under the CPLR if an infant has a parent or a guardian of his property there normally is no guardian ad litem. (CPLR 1201.) If this infant had appeared by his parent, the parent, of course, is a Massachusetts resident. The guardian ad litem is simply a person appointed by the court to represent and protect the interests of the infant; his position is analogous to that of the attorney in the action. (Indeed, this guardian ad litem, is an attorney.) He is appointed by “ [T]he court in which an action is triable”. (CPLR 1202.) As a practical matter unless a relative or guardian is appointed, the court will appoint a resident of the court’s State as guardian. Thus, rather than the residence of the guardian ad litem determining the court in which the action shall be brought, it would be more true to say that the court in which the action is brought determines the residence of the guardian ad litem.
(b) As to the defendants’ residence (or, rather, State of incorporation) the problem is somewhat more complicated. It is residence at the time of the commencement of the suit not at the time of the accident that governs. (De la Bouillerie v. de Vienne, 300 N. Y. 60, 62 [1949].) At the time the suit was commenced, there were not two defendant corporations as the *215 caption would indicate; both corporations were one, the consolidated corporation and that was a Delaware corporation.
The question remains whether by the terms of the statute governing consolidations, the consolidated corporation is to be considered a New York corporation for this purpose. Section 90 of the former Stock Corporation Law (made applicable to consolidation with foreign corporations by subdivision 6 of section 91) provided, in part, as follows: “ The rights of creditors of any constituent corporation shall not in any manner be impaired, nor shall any liability or obligation due or to become due, or any claim or demand for any cause existing against any such corporation or against any stockholder thereof be released or impaired by any such consolidation; but such consolidated corporation shall be deemed to have assumed and shall be liable for all liabilities and obligations of each of the corporations consolidated in the same manner as if such consolidated corporation had itself incurred such liabilities or obligations * * * and no action or proceeding then pending before any court or tribunal in which any constituent corporation is a party * * * shall abate or be discontinued by reason of such consolidation, but may be prosecuted to final judgment, as though no consolidation had been entered into; or such consolidated corporation may be substituted as a party in place of any constituent corporation, by order of the court in which such action or proceeding may be pending.”
These provisions do not mean literally that for all purposes the consolidation shall be ignored and shall have no legal effect, and that no rights of parties can be affected thereby. (Cf. Matter of First Sterling Corp. v. Lundy, 14 A D 2d 193 [3d Dept., 1961], affd. 11 N Y 2d 836 [1962].) The only procedural provision of section 90 relates to actions already pending at the time of the consolidation. I do not think that the prohibition against the impairment of rights of creditors relates to a procedural matter such as the determination of which court an action should be brought in. In particular, the statute should not be interpreted so as to preserve to a forum-shopping plaintiff the “right” to impose on the New York courts a litigation that should not be in those courts, after the plaintiff has first, with full knowledge of the facts, brought suit in the appropriate forum and then discontinued.
“ Under the doctrine of forum non conveniens, it is the convenience of the court rather than the parties which is to be considered.” (White v. Boston & Maine R. R., 283 App. Div. 482, 484 [3d Dept., 1954].)
*216 As the court is here exercising a discretionary power, it may impose appropriate conditions to safeguard the rights of the parties. (Ginsburg v. Hearst Pub. Co., 5 A D 2d 200 [1st Dept., 1958], affd. 5NY2d 894 [1959].)
The motion to dismiss is granted pursuant to CPLB 3211 (subd. [a], par. 2), in the exercise of the court’s discretion, on condition that, on or before settlement of the order herein, defendant shall stipulate that in the event plaintiff infant commences a suit in the State or Federal courts of Massachusetts within six months after the determination of all appeals from the order or judgment to be entered herein or after the expiration of the time to appeal therefrom if no appeal be taken, defendant will waive any defense in such action of the Statute of Limitations and any defense based on the bringing and termination of the prior Massachusetts suit or this suit or both, and that in the event that within such period the infant plaintiff seeks to vacate the discontinuance of the Massachusetts action and reinstate it, defendant will consent thereto.