OPINION OF THE COURT
Richard A. Goldberg, J.
In this medical malpractice action defendant Nyack Hospital (Nyack) moves pursuant to CPLR 511 (b) for a change of venue to Rockland County, the county of the actual residence of plaintiff Susan Taylor. She brings this action to recover damages for injuries allegedly sustained by her during the birth of her daughter on March 12, 1988. The action follows the appointment of Rosemary Taylor as guardian ad litem for Susan Taylor, her niece, pursuant to the order of Justice Deborah A. *215 Dowling, dated March 6, 2001. Susan Taylor’s disability from her alleged injuries necessitated the guardian ad litem order, which, inter alia, authorized Rosemary Taylor to institute the action.
The action was initiated by filing a summons and complaint on March 7, 2001. The caption of the summons designated Kings County as the proper place for trial and indicated “plaintiffs residence” as the basis for venue. Nyack served its answer on March 27, 2001 with a demand for a change of venue pursuant to CPLR 511 (b). It alleged that Susan Taylor actually resided in Rockland County, as evidenced in her medical records, and had thus erroneously laid venue in Kings County by relying exclusively on the residence of her guardian ad litem. Counsel for Susan Taylor timely responded with an affirmation that sought to justify her venue choice by utilizing her guardian ad litem’s Brooklyn residence rather than her own residence.
Nyack’s ensuing motion papers, though, stress that a guardian ad litem fails to constitute a party to an action which thus makes his or her residence irrelevant for venue purposes. Codefendants, Dr. Louis A. Martorella, M.D. and Obs-Gyn of Rockland, P.C., adopt this position and add that Rosemary Taylor’s appointment under CPLR article 12 as a guardian ad litem rather than as a guardian under Mental Hygiene Law article 81 makes the venue provisions of CPLR 503 (b) inapplicable herein. That provision deems several personal representatives including a “general or testamentary guardian” a resident of both the county of his or her appointment as well as the county of his or her residence. The codefendants therefore argue that the provision’s failure to include a “guardian ad litem” amongst the group enjoying such dual residency necessarily leaves the Rockland County residence of plaintiff Susan Taylor as the only permissible basis for venue.
A postreply submission for Susan Taylor[1] argues that functional distinctions between guardians ad litem and guardians of persons or property were legislatively abrogated. The submission extensively analyzes legislative history and the relevant provisions of both CPLR article 12 and Mental Hygiene Law article 81 as well as their interplay and applicability to CPLR article 5 governing venue. The submission focuses on the April 1, 1993 amendment of the Mental Hygiene Law which abolished the distinction between conservators and committees *216 and contends that “general guardian” includes not only formerly recognized conservators and committees but also guardians ad litem. Accordingly, the submission concludes that venue can lie in the county of the guardian ad litem’s residence.
However, this erroneous interpretation of the law elevates form over substance. An executor, administrator, trustee, committee, conservator, receiver, and general or testamentary guardian, on the one hand, and guardian ad litem on the other, each have distinct and specific roles. A guardian ad litem’s role is limited to representing and protecting the interests of a party in a particular action or proceeding. Executors, administrators, trustees, committees, conservators, receivers and general or testamentary guardians, on the other hand, act in an array of legal proceedings as fiduciaries who can sue and be sued in their respective representative capacities and made parties to a case. CPLR 503 (b), as previously noted, sets forth the dual residency rule for these representative parties and allows the placing of venue in the county of appointment as well as in the county of the representative’s residence. CPLR 503 (a), though, limits application of the dual residency rule to “parties,” as noted in Weinstein, Korn and Miller’s treatise on New York Civil Practice (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 503.04).
Since a guardian ad litem is not a real party in interest, his or her residence cannot control the choice of venue. A guardian ad litem is no more a party to a case than an attorney representing a client. (Michels v McCrory Corp., 44 Misc 2d 212 [1964]; Henry v City of New York, 94 NY2d 275, 280 [1999].)[2]
The contention that the definition of “guardian” in Mental Hygiene Law article 81 includes a guardian ad litem equally lacks merit. Article 81, enacted in 1993, replaced the terms “conservator” and “committee” with the more adaptive term “guardian.” Mental Hygiene Law § 81.01, entitled “Legislative findings and purpose,” makes clear that the Legislature enacted the new article to facilitate a guardianship system that would better serve the personal or property needs of incapacitated persons for a variety of purposes, unlike article 12 of the CPLR where a personal representative’s only function, as already mentioned, is to protect the interests of the party in a particular action or proceeding. Here, as defendants rightfully note, Rosemary Taylor gained her appointment as guardian ad litem under CPLR article 12 which thus makes the Mental Hygiene Law article 81 definition of “guardian” inapplicable in applying CPLR 503.
*217 Susan Taylor further erroneously contends that legislative amendments to CPLR article 12 and Mental Hygiene Law article 81 were intended to abrogate old case law dealing with this issue. The Advisory Committee notes to CPLR 1201 and 1202 shed some light on changes brought by enactment of these sections in 1981. They indicate that the sections consolidated many provisions of the Civil Practice Act that dealt with the appointment of a guardian ad litem. Among other changes, the use of the term “special guardian” was abolished and procedures for appointment of a guardian ad litem were simplified. Yet, the Advisory Committee notes do not contain any explicit language or an implication suggesting that the Legislature intended to obliterate distinctions between guardians and guardians ad litem.
Moreover, since CPLR 503 was amended at almost the same time when sections 1201 and 1202 were enacted, it is extremely unlikely that the Legislature would not have added the term “guardian ad litem” to the lengthy list of personal representatives included in CPLR 503 (b) if it truly intended the dual residency aspect of that section to apply to a guardian ad litem. Hence, it is only logical to conclude that CPLR 503 (b) was intended to only govern the choice of venue of those representatives who can sue or be sued in their representative capacities and made parties to a case.
In the instant case, Justice Dowling’s order specifically stated: “rosemary taylor be and the same is hereby appointed as Guardian ad Litem of susan taylor for the sole purpose of instituting and maintaining and [sic] action for personal injuries * * * .” Even though this order gave Rosemary Taylor a slightly expanded power, i.e., to institute an action, it did not make her a guardian of the person or property of the real party in interest herein and therefore did not bring this action within the purview of CPLR 503 (b) with its dual residency rule.
Accordingly, it is ordered that the caption is hereby amended to read as follows:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_,_x
SUSAN TAYLOR, by her Guardian ad Litem
ROSEMARY TAYLOR
Plaintiff,
*218 V
LOUIS A. MARTORELLA, M.D., OBS-GYN OF
ROCKLAND, P.C. AND NYACK HOSPITAL
Defendants
_x;
and it is further ordered that defendants’ motion to change venue is granted and the venue of this action is changed from Kings County Supreme Court to Rockland County Supreme Court.

. Counsel for Susan Taylor by her guardian ad litem Rosemary Taylor submitted a sur-reply herein. The court also notes that counsel for Nyack thereafter submitted a sur-sur-reply after the stay for the rehabilitation of Frontier Insurance Company, one of the carriers herein, had expired.

. Consequently, the court’s order herein will properly recast the caption to reflect Susan Taylor’s status as the singular plaintiff.