REED v. SMITH.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL.

In an action to recover money paid to defendant for certain shares of stock under alleged fraudulent representations made with intent to deceive, such representations being contained in letters and telegrams from defendant, the examination of defendant before trial to identify the letters and telegrams, as provided by Code Civ. Proc. § 872, *held* authorized.

2. SAME—AFFIDAVIT OF ATTORNEY.

Where plaintiff resides in Tennessee and is not within the state of New York, an affidavit by plaintiff's attorney on an application to examine defendant before trial in order to identify certain telegrams and letters alleged to have been sent plaintiff by defendant is sufficient.

Appeal from Special Term.

Action by Charles Reed against Charles Head Smith. From an order denying a motion to vacate an order for the examination of defendant before trial, defendant appeals. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Samuel S. Slater, for appellant.
J. S. & H. A. Wise, for respondent.

INGRAHAM, J. The action is brought to recover the sum of $3,000 paid to the defendant for certain shares of stock of a corporation which it is alleged plaintiff was induced to purchase by and through false and fraudulent representations made to him by the defendant with intent to deceive, cheat, and defraud; that the representations made to the plaintiff are in writing, in letters and telegrams which purport to be from the defendant, and the plaintiff desires to examine the defendant to prove the writing of these letters and the sending of the telegrams. It is apparent that this evidence is most material, and is necessary for the plaintiff upon the trial of the action, and the fact as to

whether the defendant wrote the letters and sent the telegrams can be proved by the defendant. Every fact required by section 872 of the Code of Civil Procedure appears. The materiality of the defendant's letters and telegrams as proof upon the trial to prove the representations must be conceded, and the fact that the defendant would testify as to his handwriting and whether he wrote and sent the letters and telegrams can certainly be inferred.

The only question presented is whether the order should have been granted upon the affidavit of plaintiff's attorney, or whether it required an affidavit of the plaintiff personally. In the affidavit the plaintiff's attorney, who was to try the case and had charge of its preparation, deposes that the plaintiff must prove the representations made by the defendant's letters. He certainly is presumed to have knowledge of the proof required to prove the plaintiff's case, and, that fact being established, the other conclusions that the testimony of defendant as to whether or not he wrote these letters and sent the telegrams will be material upon the trial. The reason given for the affidavit not being made personally by the plaintiff is stated to be the fact that he resides in the state of Tennessee and is not within the state of New York. I think that is a sufficient excuse for the making of the affidavit by the attorney and counsel, who was to try the case and necessarily had knowledge of the proof required. It is a mere useless formality in such a case to require the client, who cannot have the knowledge as to the facts that it is necessary to prove and the nature of the proof necessary to sustain plaintiff's case that his counsel has, to make an affidavit. There certainly can be no doubt, from the facts sworn to by the plaintiff's attorney—facts which necessarily are within his knowledge—that the defendant's testimony will be most material and necessary to be used upon the trial of the action, and I think the affidavit fairly shows that the examination is sought to obtain a deposition for use upon the trial. See Goldmark v. U. S. Electro-Galvanizing Company, 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Grant v. Greene, 118 App. Div. 850, 103 N. Y. Supp. 674.

The examination of the defendant should, however, be confined to the letters and telegrams sent by the defendant; and the order is modified so as to so limit such examination, and, as so modified, affirmed, without costs. All concur.