SMITH v. SMITH.

(Supreme Court, Appellate Term.   April 13, 1912.)

1. Discovery (§ 61*)—Examination Before Trial—Vacating Order of Examination.

Under General Rules of Practice, § 37, providing that, where the opposite party does not appear, the party making a motion shall be en-

titled to the order moved for, unless the court shall otherwise direct, the court may refuse to vacate an order for the examination of defendant before trial, merely because plaintiff happened to be late at the call of the calendar, and it is proper to deny a motion to resettle the order refusing to vacate the order of examination, so as to show a default on the part of plaintiff.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

2. DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—WHEN AUTHORIZED.

A plaintiff, suing for money loaned by him to defendant, and sent to defendant by cable to a foreign country at defendant's request, is entitled to an examination of defendant before trial, to prove that letters and telegrams were sent by defendant to plaintiff, and that money was received by defendant.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

Appeal from City Court of New York, Special Term.

Action by Sydney A. Smith against Elly Smith. From an order of the City Court of the City of New York, denying defendant's motion to vacate an order requiring defendant to appear for examination before trial, and from an order denying a motion to resettle the aforesaid order, so as to show a default on the part of plaintiff, and recite that the order for the examination of the defendant was vacated and set aside, defendant appeals. Affirmed.

The opinion of Delehanty, J., on motion to vacate order, is as follows:

Motion to vacate denied, and defendant directed to appear for examination herein on February 19, 1912, at 10 a. m., in Special Term, Part 2, pursuant to order originally made herein. In Reed' v. Smith, 122 App. Div. 795, 107 N. Y. Supp. 893, it is held that plaintiff is entitled to examine his adversary before trial to prove that letters and telegrams were sent by defendant to plaintiff, where the affidavit fairly shows that the examination is sought to obtain a deposition for use upon the trial. This decision, in my opinion, is controlling upon this application; it being fairly shown that plaintiff intends in good faith to use the testimony upon trial.

#### Motion to Resettle Order.

While it is true that plaintiff defaulted on the motion of defendant to vacate the order of examination herein, it does not follow that the court was bound to grant the relief simply because asked for. Rule 37 of the General Rules of Practice expressly provides that upon default the relief asked for may be granted "unless the court shall otherwise direct." It would be ridiculous to claim that a moving party would be entitled to unlawful relief on his adversary defaulting in appearing. Such a situation arises here, and in denying the application my invention was made manifest thereon. The application to resettle order is denied, with $10 costs, and defendant directed to appear and submit to examination on February 21, 1912, at 10 a. m., at Special Term, Part 2, pursuant to order heretofore made herein.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Bernard Gordon, of New York City (Gaston Rosenstiel, of New York City, of counsel), for appellant.

Merrill & Rogers, of New York City (Noah C. Rogers and Robert H. Ewell, both of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GERARD, J. The appellant alleges that she made a motion to vacate the order for defendant's examination, that the other side defaulted at the call of the calendar in the City Court, and that under rule 37 of the General Rules of Practice, which reads:

"If the opposite party shall not appear to oppose, the party making the motion shall be entitled to the order or judgment moved for, on proof of due service of the notice or order and papers required to be served by him, unless the court shall otherwise direct."

[1] I think that the court below was quite right in refusing to vacate the order of examination, because the plaintiff happened to be late at the call of the calendar, and the order denying this motion to resettle the order denying the motion to have the order for the examination of the defendant before trial, is affirmed, on the opinion of Mr. Justice Delehanty.

[2] Coming to the merits of the order for the examination of the defendant before trial, which defendant seeks to vacate, it appears that this action was brought by plaintiff to recover the sum of $2,515.75, moneys alleged to have been loaned and advanced by the plaintiff to the defendant herein and sent to her by cable to Paris at defendant's request. I think that the plaintiff is entitled to this examination, in order to sustain his affirmative cause, and to prove that letters and telegrams were sent by the defendant to the plaintiff, and that money was received by her. See Reed v. Smith, 122 App. Div. 795, 107 N. Y. Supp. 893.

The orders appealed from must be affirmed, with $10 costs and disbursements. . All concur.