ROSE SUMNER, Plaintiff, v. ABE MATHEWS, Defendant.

Supreme Court, Special Term, Bronx County, August 4, 1951.

*Sidney Kraft* for plaintiff.

*Jacob S. Linett* for defendant.

MATTHEW M. LEVY, J. The plaintiff moves for an examination of the defendant before trial. The defendant objects because the moving affidavit is not by the plaintiff, but by his attorney. I am not impressed with this objection.

Section 292 of the Civil Practice Act authorizes a party who is entitled to take testimony by deposition to obtain an order therefor in the first instance. But he may obtain an examination on notice only (Civ. Prac. Act, § 290), and if defendant desires to raise any question as to the projected deposition, he may move to vacate or modify (Civ. Prac. Act, § 291) with or without any supporting affidavits (Rules Civ. Prac., rule 124). And there is no requirement that the plaintiff then submit countervailing affidavits (*Loydahl* v. *Haglund*, 23 N. Y. S. 2d 245, affd. 260 App. Div. 900). All that is normally necessary for judicial scrutiny are the notice to examine, the notice of motion to vacate or modify and the pleadings. And when an order is entered on such motion, it has the same force and effect as if the order had been entered in the first place on the application for the examination before trial.

While I recognize that there is respectable authority in support of the proposition that the client's affidavit is a prerequisite, I must frankly state my disagreement. Special circumstances in any particular case may change the situation, but it seems to me that where it is plain from the pleadings that the items proposed are proper any affidavit would be unnecessary. If there is no substantial difference in the function and efficacy of the orders — whether granted pursuant to section 292 or section 291 — I see no need to make a jurisdictional shibboleth or a practitioner's fetish of the client's affidavit on motions for examinations before trial.

Even the rule relied upon by the defendant on this motion is relaxed where the moving affidavit shows that the facts are within the attorney's knowledge (*Reed* v. *Smith*, 122 App. Div. 795). In the instant case the attorney states in his affidavit that he has personal knowledge of the transaction giving rise to the cause of action.

The examination is allowed as to items 2, 3 (eliminating the words " falsely and fraudulently "), 5 (eliminating the words " falsely and fraudulently " and the words " in truth and in fact "), and 6; otherwise denied. All relevant books, records and documents will be produced for use pursuant to section 296 of the Civil Practice Act. Let the inquiry proceed accordingly at Special Term, Part I, of this court, on August 21, 1951, at 10:00 A.M.