ROBERT PALMIERI, by EMANUEL PALMIERI, His Guardian ad Litem, et al., Plaintiffs, *v.* SALSIMO REALTY Co., INC., Defendant.

Supreme Court, Special Term, Bronx County, July 30, 1952.

*Irving Segal* for defendant.

*E. Robert Marks* for plaintiffs.

MATTHEW M. LEVY, J.   This is a cross motion by defendant seeking the examination before trial of the plaintiffs, pursuant to rule 121-a of the Rules of Civil Practice, with reference to the relevant facts and circumstances in connection with the alleged accident giving rise to the present suit, including plaintiffs' contributory negligence.   The motion is opposed by the plaintiffs upon the sole ground that no affidavit is submitted by defendant in support thereof.   Ordinarily I would consider this objection quite untenable (cf. *Sumner* v. *Mathews,* 200 Misc. 826).   Under the provisions of rule 121-a with reference to taking testimony by deposition (which rule became effective July 1, 1952), it is sufficient, in an action for personal injuries, if a notice to examine state the item for examination as " all of the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages."   Such notice may be served without proceeding by way of motion and without being supported by affidavit (Civ. Prac. Act, § 290), or, alternatively, on notice, with affidavit annexed, for an order in the first instance (Civ. Prac. Act, § 292).   Here, the defendant elected to proceed by way of notice of motion instead of notice to examine.   It should of course not have burdened the court with a needless application when the simpler out-of-court procedure was available.   Why it chose this course I cannot say with certainty.   I do know that what Presiding Justice PECK urged upon the bar as to consensual pretrial examinations in commercial actions (*Dorros, Inc.,* v. *Dorros Bros.,* 274 App. Div. 11, 14) is now equally applicable to accident cases.   I shall assume that what probably motivated the defendant was that the plaintiffs themselves had already moved the court for an order to examine the defendant before trial — an unnecessary legal step as well — and so the defendant here was galvanized into similar action and served a cross-notice of motion.   Be that as it may, the absence of a supporting affidavit is ordinarily not fatal on a cross motion, particularly when, as here, all the papers on the initial motion may be considered by the court (Civ. Prac. Act, § 117).

And thus, from a perusal of these papers, I find that something more vital comes to mind.   This appears to be an action in which one of the plaintiffs is " an infant under the age of

fourteen years.'' His precise age nowhere appears. Since, under our law, the negligence of a parent is not to be imputed to an infant (Domestic Relations Law, § 73), and a child under four is not to be held for contributory negligence (*Meyer* v. *Inguaggiato,* 258 App. Div. 331, motion for leave to appeal denied 282 N. Y. 811), and the competence of the youngster to testify altogether must be resolved by the court (Civ. Prac. Act, § 365), it seems to me proper and logical to hold that a defendant seeking a pretrial examination of an infant by way of notice of motion should show, among other things, the infant's age now and at the time of the accident.

This matter of competency may be quite important. The unsworn testimony of any witness is inadmissible in a civil action (*Razauckas* v. *New York Dugan Bros.,* 263 App. Div. 1002, affd. 289 N. Y. 592; *Stoppick* v. *Goldstein,* 174 App. Div. 306), and therefore this infant plaintiff must be sworn before his deposition may be taken. But a child of tender years may not be competent to testify under oath, and there is no definite rule as to the age at which he is competent. The test is a personal and an individual one. Competency depends on the capacity, judgment, understanding, and intelligence of the child, his ability to comprehend the nature and effect of an oath, his appreciation of the difference between truth and falsehood, and recognition of his duty to tell the truth. It may be that this plaintiff is incapable of understanding the nature of an oath or affirmation, and, therefore, he must first be examined by the court or an appropriate officer to ascertain his capacity and the extent of his knowledge (*Agnew* v. *Brooklyn City R. R. Co.,* 5 N. Y. S. 756, affd. 117 N. Y. 651; *Salmon* v. *Sunday,* 134 Misc. 475). As stated by Mr. Justice BREWER of the United States Supreme Court in *Wheeler* v. *United States* (159 U. S. 523, 525) the decision as to competency rests primarily with the trial judge, '' who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath.''

Of course, it is neither just nor necessary that the defendant's examination of an infant plaintiff who is competent to testify be delayed until the trial gets under way. To hold otherwise would ignore the beneficent effects of this pretrial procedure and would render nugatory in some measure the intent and purpose of rule 121-a, which allows examinations before trial of plaintiffs in all cases, without excluding personal injury actions

brought by infant plaintiffs. And perhaps determination as to competency may be made on the record by the judge or referee before whom in a proper case the deposition is taken. It does seem to me that the taking of a deposition of a child under fourteen years of age involves more than perfunctory procedure in that behalf; and it is therefore quite evident that there should be some facts presented to the court on this motion upon which a proper decision might be reached as to whether the infant is old enough to be examined, and if so as to the conditions under which the deposition might be taken. (Cf. *Olshansky* v. *Prensky,* 185 App. Div. 469.)

This problem appears not to have arisen heretofore — at least as far as I could gather — probably because it was not until recently that plaintiffs were subject to examinations before trial in negligence cases. (Cf., as to examinations before trial of adults allegedly incompetent, *Fritsch* v. *Central Trust Co.,* 262 App. Div. 551.) It might be said that the duty rests with the guardian ad litem of an infant plaintiff who objects to his examination or seeks to insulate its allowance with certain protective conditions, to present the facts as to infancy, capacity, etc. This view seems superficially correct, as generally it is the plaintiff himself who knows more about the infant's status than the moving defendant. But, at least where a party has elected to proceed by way of notice of motion — rather than by way of notice to examine — I shall hold that the burden of showing that one is entitled to a pretrial examination is upon the party seeking it. (Cf. *Lovasz* v. *Fowler,* 209 App. Div. 169, and *Kahn & Feldman* v. *Brooklyn Edison Co.,* 228 App. Div. 668.) The recent rulings expanding the area of permissible actions in which such examinations are allowed (*Dorros, Inc.,* v. *Dorros Bros.,* 274 App. Div. 11, *supra*; Bronx County Supreme Court Rules for Trial and Special Terms, rule XIX; New York County Supreme Court Rules for Trial Terms, rule X; Rules Civ. Prac., rule 121-a) have not shifted that burden. It seems to me, moreover, that when testimony is to be taken, before or during trial, the litigant who presents the witness not only vouches for his credibility and reliability (*Carlisle* v. *Norris,* 215 N. Y. 400, 409; *Hanrahan* v. *New York Edison Co.,* 238 N. Y. 194, 198), but also must qualify him as a witness as one undertaking to testify truthfully (Civ. Prac. Act, §§ 360–365). As I view it, therefore, it was incumbent upon the defendant to present facts material to the solution of the issue I have here raised and discussed.

Accordingly, the cross motion to examine the infant plaintiff is denied without prejudice. Insofar as the defendant seeks to examine the adult plaintiff, the cross motion is granted, the deposition to be taken at the same time and place as that fixed on the companion motion for the examination of the defendant, but to follow that examination.