DIANE BLAGBURN, an Infant, by Her Guardian ad Litem, JOSEPH BLAGBURN, et al., Plaintiffs, v. MILRITA REALTY CORP. et al., Defendants.

Supreme Court, Special Term, Nassau County, January 8, 1953.

*Mathews, Hampton & Mahoney* for Milrita Realty Corp., defendant.

*Francis J. Mangravite* for plaintiffs.

*Harry Ostrov* for Louis Kronick, defendant.

*Caverly, Dimond, Dwyer & Lawlor* for Frank Salomon, defendant.

HILL, J. Defendant Milrita Realty Corp. moves to examine plaintiffs as adverse parties before trial in a negligence action. This motion is made pursuant to the new practice that became law on July 1, 1952 (Rules Civ. Prac., rule 121-a).

Except that the infant plaintiff is eleven years of age, this motion would be granted *pro forma*. I found but two cases dealing with pre-trial examinations of infants under the new practice, one reported and the other unreported. (*Palmieri* v. *Salismo Realty Co.*, 202 Misc. 251; *Bennett* v. *Ros*, N. Y. L. J., July 14, 1950, p. 69, col. 6.) Courts of general equity jurisdiction have the obligation of protecting infants. It is the duty of the Supreme Court upon its own initiative to protect the rights and the interests of infants whenever it deems it necessary, since they are "wards of the court."

Defendant has done all that is required of it in order to have its examination before trial, i.e., give notice. The moving party need not prove the infant's capacity to testify; neither must the infant's representatives prove his incapacity — that is the sole responsibility of the court (Civ. Prac. Act, § 365). Mr. Justice BREWER, speaking for the United States Supreme Court, said in the case of *Wheeler* v. *United States* (159 U. S. 523): "While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities."

Since the defendant is entitled to an examination of the infant plaintiff, if found to be qualified by the court, then the infant is also entitled to the protection of the court in the conduct of that examination. The motion is therefore granted upon the following conditions: The examination is respectfully referred to an official referee to determine the qualification of the infant to testify, and if found qualified to conduct the examination and protect the rights of the infant during the examination.

Settle order on notice.