Irving H. Saypol, J.
Motion by plaintiff to vacate notice of examination before trial before a notary public (1) of infant plaintiff because of his tender age, and (2) his guardian ad litem because she is not the proper party to be examined, and cross motion by defendant for such examination. The infant will attain the age of seven on April 19. His guardian ad litem contends that since he is incapable of being sworn before a notary, his examination should be barred.
There is no fixed age limit as to an infant’s competency as a witness. That question is sui generis in each case (Blagburn v. Milrita Realty Cory., 204 Misc. 74; Palmieri v. Salsimo Realty Co., 202 Misc. 251). The court must pursue more than perfunctory procedures before an infant’s testimony will be compelled. Examination of the plaintiff herein before a notary public would accordingly be improper since his competency to testify could not be determined by proper authority nor is there *954 any assurance that safeguards would be taken for his protection (see Alsante v. Roberts, 118 N. Y. S. 2d 683; Jones v. Jones, 17 Misc 2d 1076).
Regarding the examination of the guardian ad litem, it is clear that while appearance by a guardian may be necessary, the infant still remains the real party in interest (Civ. Prac. Act, § 202; Merritt v. Greenberg, 4 F. Supp. 655), and it is improper to examine the guardian ad litem as a party (Civ. Prac. Act, § 288; Alsante v. Roberts, supra). However, the guardian ad litem here is also suing in her individual capacity. An examination limited to her claim would, therefore, be appropriate.
Motion and cross motion are accordingly disposed of as follows: Let the infant plaintiff attend at Special Term, Part n of this court on April 27, 1959 at 10:00 a.m. for a determination by the court as to his examination. Examination before trial of the guardian ad litem is granted only insofar as to her individual claim. Unless otherwise stipulated, let this examination take place on April 27, 1959 pursuant to the original notice but at Special Term, Part II.