James J. Crisona, J.
This is an article 78 (Civ. Prac. Act) proceeding for a final order in the nature of mandamus directing the respondent, a county bar association incorporated under the Membership Corporations Law, to admit petitioner to membership.
*795 By order to show cause, dated and served personally on petitioner’s attorney on June 15, 1960, respondent moved, pursuant to section 1294 of the Civil Practice Act, to strike certain paragraphs and parts of other paragraphs from the petition , as immaterial, irrelevant, repetitious, argumentative and conclusorv. Said order to show cause also provided that respondent’s time to answer the petition be extended until five days after the service upon it or its attorney “'of a copy of the order entered on this application, with notice of entry thereof ”.
On June 20, 1960, the return date of the petitioner’s and the respondent’s respective applications, respondent was granted leave to serve and file its brief by July 6, petitioner to serve and file her brief in opposition thereto by July 12, to be followed by the service and filing of respondent’s reply brief by July 18. These were all served and filed as • directed and, in addition, petitioner filed a supplemental brief on July 19. On July 22,1960, however, she moved to strike out respondent’s main brief, filed on July 6, 1960, “ so that same shall be disregarded and not read by the Court,” and to vacate the order to show cause dated June 15, 1960. By letter dated July 22 petitioner’s attorney mailed to the court the copy of respondent’s brief which had been served upon him and requested that decision on respondent’s application be withheld until the disposition of petitioner’s said motion returnable on July 27, 1960.
The court has compared the copy served upon petitioner’s attorney with the original on file and finds it to be a carbon copy thereof. The only discrepancy is that four pages of the copy, corresponding to pages 43 to 46 of the original, are not numbered and the pages that follow are numbered 42 to 60, partly in ink, instead of 47 to 65 as typed in the original. The continuity in both, however, is identical, including the one line at the top of page 56 of the original and 51 of the copy consisting of the three words “ at this point.” Since these words are neither part of the last paragraph on the preceding page nor of the first paragraph on the page on which they appear, they are clearly surplusage inadvertently included by mistake and harmless. In addition, following the receipt of a copy of the letter to the court dated July 22, respondent’s attorney served another copy of the brief, properly numbered, upon the attorney for the petitioner. In any event, said attorney apparently had no difficulty in responding to the first copy since he filed an opposing brief thereto on July 12 and a supplemental brief on July 19. Indeed, in both of such briefs virtually the same objections to the order to show cause, dated June 15, 1960, were *796 raised as are now embodied in the formal motion to vacate said order.
The court is of the opinion that these objections are extremely technical and if sustained would exalt form over substance and result in the final order sought by petitioner without affording the respondent an opportunity to answer on the merits. Procedural rules must be obeyed, but “ care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure.” (Hodgkins v. Mead, 119 N. Y. 166, 171; Allen, v. Fink, 211 App. Div. 411, 415.)
The respondent made an application to correct what its attorney deemed defects in the petition. It did so pursuant to section 1294 of the Civil Practice Act, a section which is contained in article 78 dealing with special proceedings and which specifically provides the time and the manner in which such application may be made. There was, therefore, no occasion to go outside that statute for procedural guidance governing actions, as provided by section 1306 of the Civil Practice Act. (Matter of Felice v. Swezey, 278 App. Div. 958; Matter of De Riso v. Kennedy, 13 Misc 2d 322, 323.)
Section 1294 of the Civil Practice Act pursuant to which respondent’s corrective motion was made reads in pertinent part as follows: “If the respondent intends to make such an application with respect to the petition, he shall serve upon the petitioner, within the time allowed for answering, a notice of motion or order to show cause; provided that such application shall not extend the time allowed for ansioering, except as permitted by order on the ground that the respondent is unable to answer until the petition has been corrected. In the event of the granting of such application the respondent shall serve and file his answer or amended answer within five days after the service of an amended petition. In the event of the denial of such application, and provided that the respondent’s time to answer has been extended by order, the respondent shall unless otherwise specified by the order serve and file his answer within five days after service by the petitioner of a copy of the order denying such application with notice of entry thereof.” (Emphasis supplied.)
Under section 1291 of the Civil Practice Act a respondent’s time to serve and file an answer in an article 78 proceeding is “ At least two days prior to the return day, unless a different time is fixed in the order to show cause ”. The respondent therefore timely made its application under section 1294 when it actually served a copy of the order to show cause and the papers thereto attached on June 15, 1960, or within five days of *797 June 20, 1960, the return date of petitioner’s application. The fact that under the terms of the order to show cause respondent had until June 16 in which to effect service is thus immaterial even if, as claimed by petitioner, rule 60 of the Eules of Civil Practice governed the time of notice since the offices of the attorneys for both sides are located in Jamaica, Queens County, New York, and consequently the five-day notice requirement of that rule was fully met.
As for the failure of respondent to submit an affidavit of merits in support of the extension of time to answer contained in the order to show cause, rule 88 of the Eules of Civil Practice, which requires such an affidavit when an extension of time to plead is sought in an action, does not govern a special proceeding. All that section 1294 prescribes is that the notice of motion or order to show cause initiating a timely application under its provisions shall not extend the time for answering the petition “ except as permitted by order on the ground that respondent is unable to answer until the petition has been corrected.” This requirement was fully complied with in the affidavit submitted in support of the order to show cause and that order, containing the extension, in substance stated the existence of the statutory ground therefor. The attorney for respondent was in the best position to make that affidavit inasmuch as it raises legal and procedural objections which do not go to the merits. It has been held that even if the application involves merits as, for example, a motion for summary judgment, the requirement of an affidavit by a party or someone having knowledge of the facts “is not pushed to a technical extreme where it can be gathered that the attorney speaks with knowledge and is qualified to urge an issue, such as a point of law”. (Weinman v. Weinman, 75 N. Y. S. 2d 880, 882: Reed v. Smith, 122 App. Div. 795; Rothenberg v. Fields, 204 Misc. 86.)
As for a copy of the petition not being submitted in support of the order to show cause initiating respondent’s application, such is not the case since a copy is attached to the original order to show cause before the court including photostatic copies of petitioner’s “application for membership ” and respondent’s notification that it “has been denied”, neither of which, apparently through inadvertence, has been attached to the petitioner’s original notice and petition filed on June 20, 1960.
And the Justice who signed the order to show cause, did not, as claimed by petitioner, usurp the power of the court hearing the application of the respondent, by granting an extension of *798 time to answer. As already noted, the sole requirement prescribed by section 1294 for such an extension ‘1 by order on the ground that the respondent is unable to answer until the petition has been corrected ’ ’, was fully complied with. Moreover, not until respondent’s application was decided could it be ascertained whether it would be granted in whole or in part or altogether denied, and since that statute makes the prior extension of time to answer “ as permitted by order ” a prerequisite to a respondent being permitted to answer ‘ ‘ In the event of the denial of such application ’ ’, the extension of time granted in the order to show cause was properly sought and granted. The “ order” contemplated by section 1294 includes an order to show cause initiating an application pursuant to that statute, which “may be used for other purposes than to shorten the notice of motion.” (1 Carmody-Wait, New York Practice, § 41, p. 644; see, also, Booth v. Dowsey, 118 Misc. 9.) Petitioner’s attorney accordingly is in error when he states on page 7 of his brief, dated July 29, 1960, that ‘ ‘ the so-called extension of time to answrer provided for in the order to show cause herein was a nullity and the respondent Association should be considered as having defaulted in pleading.”
This litigation not only is unusual, but presents a question of first impression. There is no basis for petitioner’s claim that respondent’s application to have unnecessary matter eliminated from the petition was made in bad faith because it necessarily delayed the joinder of issue on the merits. Nor was it bad faith for the order to show cause to recite, as urged in petitioner’s affidavit sworn to on July 22, 1960, “that the respondent will not be able to answer the petition herein until the within motion is determined ”, when the language of section 1294 reads in that respect “ on the ground that the respondent is unable to answer until the petition has been corrected.” (Emphasis petitioner’s.) Such a variance is merely a distinction without a difference, highly technical, and does not affect any substantial right of the petitioner. As was observed by the late Mr. Justice Shientag in Epstein v. Board of Educ. (162 Misc. 718, 723), “ Our mistakes must be paid for * * * but every slip is not fatal nor, to paraphrase an expression of a former chief judge of the Court of Appeals, is every error suicide. ’ ’
Petitioner’s motion to strike out respondent’s brief of July 6 and the order to show cause dated June 15, 1960, is accordingly denied in all respects.
The essential issue presented by the petition itself is whether the by-laws of the respondent limiting its membership to male *799 attorneys of the State of New York in good standing, residing in Queens County or having offices in the City of New York or an adjoining county, are unlawful and violative of petitioner’s right as a female attorney otherwise qualified for membership, according to the allegations of her petition, to ‘ ‘ the equal protection of the laws ” as provided by section 1 of the Fourteenth Amendment of the Constitution of the United States, she having presented her written application for membership together with a remittance of one year’s dues of $25, as required by respondent’s by-laws. If the matter sought to be struck from her petition is “ not relevant or material ” to that issue or is “ redundant or scandalous ” respondent is entitled to have it eliminated.
The respondent’s application to strike out parts of the petition is accordingly granted. The matter above eliminated from the petition is irrelevant and immaterial to the basic issue, as above stated, and retention of such matter would only becloud that issue.