Harold J. Crawford, J.
Petitioner, an attorney admitted to practice in this State and residing in Queens County, has instituted this proceeding under article 78 of the Civil Practice Act for an order in the nature of mandamus directing the respondent, a County Bar Association (hereinafter called the Association), to forthwith admit her to membership.
According to her amended petition, verified on October 3,1960, petitioner’s application for membership, filed on February 15, 1960, was denied without having been processed as provided in article XIV of the by-laws of the Association then in force and that insofar as article VII thereof limited membership to male attorneys it violated her constitutional right to “ the equal protection of the laws ’ ’ and was otherwise unlawful.
It appears from the filed papers that about three years ago a committee was appointed to completely revise the Association’s by-laws. Such revision, completed during the Summer of 1960, was, on September 1, 1960, presented to the board of managers, the Association’s governing body. According to the affidavit of the secretary of the Association, sworn to on October 17, 1960, and filed in support of its motion for leave to supplement its answer, the proposed revised by-laws were published in the October, 1960 issue of the Association’s official publication, the Queens Bar Bulletin, with a notice that such revision would be presented for adoption at the stated meeting to be held on October 10, 1960. The secretary certified that “Exhibit O ”, made part of his said affidavit, was ‘ ‘ a true copy of the amended by-laws of the respondent Queens County Bar Association as duly adopted at its meeting on October 10, 1960 by a vote in excess of two-thirds of those present at said meeting ” and the “ by-laws as set forth in ‘ Exhibit C ’ are presently in effect.”
A reading thereof shows that the former limitation of membership to male attorneys no longer exists so that an attorney of either sex, possessing the qualifications therein prescribed, was henceforth eligible for membership in the Association. Nevertheless, petitioner, on or about October 11, 1960, restored this proceeding to the calendar for hearing on November 9,1960. The Association thereupon moved for leave to supplement its answer, verified October 7, 1960, by asserting as a “ Third Defense ” the fact that its by-laws limiting membership to male attorneys, in effect on February 15, 1960, when petitioner filed her application for membership and on June 3, 1960, when she instituted this proceeding, bad been repealed, thus rendering moot the essential issue presented therein. (Matter of Beary v. Queens County Bar Assn., 25 Misc 2d 794.) This motion was granted by an order dated October 27, 1960, and such supple *450 mental answer, verified on October 31,1960, was promptly served and filed.
On November 7, 1960 petitioner served a notice of motion to strike out the affirmative defenses contained in the answer and the supplemental answer upon the ground that they were insufficient in law on the face thereof and for 11 a final order ” directing the Association “ to forthwith admit ” petitioner to membership. On November 9, 1960, the date for which petitioner renoticed her proceeding for hearing and made her aforesaid motion returnable, the Association, by its attorney, moved in open court to dismiss the proceeding as moot in view of the repeal of its former by-law limiting its membership to male attorneys. Petitioner’s attorney opposed this motion, insisting that petitioner was, nevertheless, entitled to a decision on the merits and to a final order compelling her admission forthwith to active membership; and that in any event associate membership in the Association had never been limited to attorneys of the male sex.
It would be idle to speculate whether petitioner was eligible for associate membership, since concededly her application was accompanied by a check for $25, the amount of annual dues then, as now, required to be paid for active as distinguished from associate membership. It is evident that her application was turned down without being processed to ascertain whether she possessed the othér qualifications for membership prescribed by the by-laws, solely because as a female attorney she was not then eligible to be a member. Now that such restriction has been removed, petitioner’s challenge of its legality has become academic. In Lo Vallo v. Bellanca (11 A D 2d 901), the Appellate Division of the Fourth Department stated,. in an analogous situation: “ It appears that the rules sought to be construed in this action for a declaratory judgment have been repealed and the case is now moot.” This principle applies with equal force to this special proceeding involving as it does questions concerning by-laws no longer in force. As stated in CarmodyWait, New York Practice (Vol. 22, § 107, p. 207): “ The court will not exercise its discretion and grant mandamus for the mere purpose of determining a moot question.”
This proceeding, and the motion to dismiss the Association’s defenses and for a final order directing it to admit petitioner to membership forthwith are accordingly dismissed as moot, without prejudice to the petitioner filing immediately^ if so advised, a new application for membership in accordance with the Association’s present by-laws.