■ SALLIE BENNETT et al., Respondents, v. TROY RECORD COMPANY, Appellant.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, Albany County, which directed the examination of defendant's insurance carrier in possession of information concerning complaints of previous accidents similar in nature to that alleged by plaintiff in this action. Relying strongly on *Finegold* v. *Lewis* (22 A D 2d 447) and *Kandel* v. *Tocher* (22 A D 2d 513), appellant contends that the records of the insurance company are not the proper subject of disclosure. It further argues, citing *Avila Fabrics* v. *152 W. 36th St. Corp.* (22 A D 2d 238), that discovery should not be allowed because the insurance carrier is a nonparty witness. We are constrained to disagree. The statute itself, CPLR 3101 (subd. [d], par. 2) which grants immunity to "any writing or anything created by or for a party or his agent in preparation for litigation" does not prohibit discovery of material relating to previous claims. In our opinion, the phrase "in preparation for litigation" refers exclusively

to the instant litigation and does not grant immunity from disclosure to material prepared for prior litigation. This position is in accord with reliable commentators that "Except where the pending litigation arose from the prior case ᵃ ᵃ ᵃ material prepared for related litigation is treated as if it is not prepared for the case at bar", and is discoverable (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.51). *Finegold* and *Kandel* (*supra*) have no application here for the reason that in both of those cases the material involved was prepared for *present* and not *prior* litigation. Similarly, we do not believe that *Avila* (*supra*) is necessarily applicable here. CPLR 3101 broadly states that "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: ᵃ ᵃ ᵃ (4) any person where the court on motion determines that there are adequate special circumstances." Statutes governing discovery proceedings should be accorded a broad and liberal treatment to the end that either party may obtain in advance of trial knowledge of all relevant facts in possession of the other (74 ALR 2d 876, 877). Although the insurance carrier is not a "party" named in the action, "In view of the realities of the relation between insurers and insured they should be treated as if they were one" (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.10) and therefore it actually is not a true non-party witness. The relationship between a defendant and an insurance company is so closely related as to the subject-matter of the lawsuit that as a matter of fact, if not in law, the insurance company is the real and actual defendant, the real party in interest (*Bearor* v. *Kapple,* 24 N. Y. S. 2d 655, 658–659). Finally, we find no merit in defendant's claim of insufficient notice. It has been fully satisfied by service of the order appealed from. Moreover, CPLR 3111 allows production of things at examinations either by notice or subpœna. Order affirmed, with costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Reynolds, J., in the result.