OPINION OF THE COURT
Edward O. Provenzano, J.
In this personal injury action, arising from the alleged negligent operation of an automobile, plaintiffs have moved for various relief with respect to pretrial depositions.
Pursuant to an automobile liability insurance policy providing $50,000 personal injury coverage to the defendants, the Aetna Casualty & Surety Company retained the law firm of Nixon, Hargrave, Devans & Doyle to undertake the defense of this lawsuit. The amended complaint seeks $500,000 damages for the infant plaintiff and $25,000 damages under her father’s derivative cause of action.
Pursuant to plaintiffs’ notice of April 11,1980 and defendants’ cross notice of April 15, 1980, pretrial depositions of defendant Sandra Smith and the infant plaintiff, Debra *222 Cavuoto, were scheduled for November 20, 1980 at the offices of plaintiffs’ attorneys. Defendants’ counsel invited two representatives of the insurance carrier (Aetna) to that examination and sought their silent participation, as interested observers, at the intended depositions. On the objection of plaintiffs’ attorneys, defense counsel agreed to proceed with the presence of only 1 of the 2, Richard E. Williams. Mr. Williams is a claim representative in Aetna’s Rochester office. He states in an affidavit to the court that his reasons for attending the depositions “were to observe the witnesses, to hear the testimony and to assess this case both in terms of settlement possibilities and defense strategies”. On plaintiffs’ counsel’s further and continued objection to Mr. Williams’ presence, the defense contingent withdrew from the premises and no depositions were conducted.
On this motion, plaintiffs seek an order (1) compelling both defendants to appear and to be deposed, and (2) directing that, to protect the interests of the infant plaintiff, neither Mr. Williams nor any other Aetna representative may attend her deposition. At the outset, the court holds that plaintiffs are entitled to no order compelling the deposition of defendant Bernard F. Smith because there is no showing that plaintiffs have previously demanded or sought his appearance for pretrial examination. (See CPLR 3124.)
From materials presented to the court it appears that Debra Cavuoto, the infant plaintiff, was born on December 24,1966 and that she is somewhat mentally retarded. With respect to the protective relief sought, plaintiffs have offered only the conclusory averments of her mother that “under such conditions of emotional stress” Debra has been known to “vomit, wet her pants, Cry and/or lose her memory”. No facts have been offered which would permit the court to relate the phrasing “under such conditions of emotional stress” to the circumstances attendant upon the intended November 20 depositions. The transcript of those aborted proceedings shows that nine persons were present when the defendants and their attorney withdrew. It appears that plaintiffs were at that time, and still are, willing to proceed with 8 of those 9 in attendance. Nothing is *223 before the court from which it could reasonably conclude that the mere unobtrusive presence of a ninth person might cause Debra “unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice”. (See CPLR 3103, subd [a].)
Because the Legislature intended that pretrial depositions be conducted “ ‘with no one present but the parties, officers of the court and counsel’ ”, the press and the public may properly be excluded from such proceedings and “[a]s a practical matter, no one may be present, without being invited, in the private offices of the attorneys where so many of the examinations are held”. (Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335, 338.)
The authorities have held that in litigation of the present nature the insurance carrier is the real party in interest and the insured is generally only a nominal party. (See Thrasher v United States Liab. Ins. Co., 19 NY2d 159; Oltarsh v Aetna Ins. Co., 15 NY2d 111; Bennett v Troy Record Co., 25 AD2d 799.) Of course, in a case where (as here) there exists potential liability for a deficiency judgment it cannot be doubted that the insured is more than a mere nominal party. By the same token, it is manifest that the Aetna Casualty & Surety Company is a real party in interest in this action to the (potential) extent of $50,000 plus cost of defense. As such real party in interest, solely incurring and defraying the expense of defense counsel therein, Aetna has the right to be present at every adversary stage of the litigation, through whichever agent or representative it may choose, to observe and appraise the conduct of its chosen counsel or for any other reason pertinent to its investment in connection with the litigation. Although, surprisingly, this determination apparently presents a matter of judicial first impression, the court believes that a contrary holding would be inconsistent with the realities of modern day practice.
The unsworn testimony of a child is inadmissible in a civil action. (See Richardson, Evidence [10th ed], § 391.) The courts have held that it would be improper to permit an infant to testify before a notary public at a pretrial examination in the absence of prior judicial determination of the infant’s testimonial capacity and ability to under *224 stand the nature of an oath. (See Arnold v Williams, 17 Misc 2d 953; McCray v Shapiro, 116 NYS2d 436.) Even an apparently normal 14 year old should be examined by the court with respect to his ability to testify. (See Kapuscinski v Kapuscinski, 75 AD2d 576.) Pursuant to the procedure outlined in Shine v Sonastone Realty Corp. (22 AD2d 706), which this court deems appropriate to follow, if the court finds that Debra may be sworn as a witness her pretrial examination should be conducted under the direct supervision of the court.
Plaintiffs’ motion for a protective order is denied. Plaintiffs are entitled to an order directing defendant Sandra J. Smith to be examined before trial at a time and place reasonably chosen by plaintiffs’ counsel. Plaintiffs’ motion to compel the pretrial examination of defendant Bernard F. Smith is denied without prejudice to plaintiffs seeking the deposition of said defendant pursuant to CPLR 3107. All issues relating to the testimonial capacity of plaintiff Debra Cavuoto and to the conduct of her pretrial examination, if any, are referred for determination to a Justice sitting at Part I of this court. The court awards no costs on these motions.