OPINION OF THE COURT
Arthur W. Lonschein, J.
In these consolidated actions, Joseph Litrico moves for discovery and inspection of his own statement. This statement is in possession of the Allstate Insurance Company, which insured both Litrico and the decedent Breskin at the time of the automobile accident. It is by no means unusual for one company to insure more than one party in an automobile case, but the manner in which the company obtained the statement, and the grounds presently asserted by Breskin for resisting disclosure, raise certain *624 questions concerning the role of an insurance carrier which apparently have not been directly addressed by the courts.
The statement was given by Litrico over the telephone to a representative of Allstate in connection with its application for no-fault benefits, and was apparently recorded or reduced to writing. At that time the primary relationship between Allstate and Litrico was contractual and not adversarial. The situation is now altered. Allstate is now providing Breskin’s defense, under its contract with him. It is asserted by Breskin’s defense counsel that he cannot be compelled to produce a statement obtained by Allstate in its capacity as Litrico’s carrier, which must be kept separate from its capacity as Breskin’s carrier.
Counsel affirms that he has communicated with an employee of Allstate, and that Allstate has opened separate files for Litrico’s no-fault claim and for Breskin’s defense. Its Breskin file contains no transcript or tape of any statement, which, if it exists, must repose in its Litrico file. Counsel affirms that he has access only to Allstate’s Breskin file, that he has no access at all to its Litrico file, and hence cannot comply with the discovery demand.
It cannot be disputed that Litrico has a right to a copy of his own statement (CPLR 3101, subd [e]), or that Breskin could be compelled to produce it if it were held by Allstate in the file maintained for his defense. (See Saccente v Toterhi, 35 AD2d 692.) The insurance company here is not to be considered as a disinterested nonparty witness, but rather as an agent of the defendant Breskin, since it is the real party in interest. (Bennett v Troy Record Co., 25 AD2d 799; see, also, Gelbman v Gelbman, 23 NY2d 434.)
In this connection, the court notes that Allstate was given notice of this motion, by regular mail, and has not appeared to oppose it. While it is true that a nonparty is generally entitled to receive the notice of motion “in the same manner as a summons” (CPLR 3120, subd [b]), Allstate is not, as noted, in the same position as a stranger to the litigation. The notice to it was sufficient for the purpose of this motion. Furthermore, it is apparent that Breskin’s counsel has consulted Allstate in preparing his opposition, so that its interests have not gone wholly unrepresented.
*625 It may well be that material not in the Breskin file is not immediately available to Breskin’s counsel. Nevertheless, there is no ring of fire around the Litrico file. Whatever its internal procedures and protocols may be, the Allstate Insurance Company is a unified entity. The court refuses to accept the proposition that this motion should be decided by the mere happenstance of the label on a file jacket. Litrico may have given the statement when Allstate was acting as his carrier; but the present reality is that Allstate is acting as Breskin’s carrier; that its interests are now diametrically opposed to Litrico’s; and that it can be expected to defend its insured and its interests with all of its resources. These resources include the use of Litrico’s statement if and when it becomes advantageous to do so. Clearly, Litrico will be at a disadvantage if he is unable to inspect the statement.
In Bennett v Troy Record Co. (supra) the Appellate Division, Third Department, enforced disclosure against a defendant’s insurance carrier of records it had gathered in prior litigation concerning accidents similar but unrelated to the one there at bar. Here, where Litrico seeks his own statement, the case in favor of compelling discovery is even stronger. It is no answer to this to say, as does counsel, that Litrico can get the statement by going to Allstate’s offices and inspecting his file. The issue here is whether Breskin can be compelled to have Allstate produce it, as his agent and the real party in interest, thus binding him to the response as to the statement’s existence and contents.
The court holds that he can be so compelled. If the statement, in any form, is in Allstate’s Litrico file or anywhere else in its possession, Litrico is entitled to it and Allstate is bound to deliver it to Breskin so that it can be produced.
The balance of the motion, regarding disclosure of insurance coverage, is granted.