OPINION OF THE COURT
Francois A. Rivera, J.
After the petit jury was sworn and prior to the parties’ opening statement, plaintiffs move in limine for an order finding the pretrial deposition testimony of Erica Carrasquillo inadmissible at trial and barring the defendants from referring to it in their opening statement. Defendants oppose the motion.
The following facts are undisputed. Plaintiff Lisa Carrasquillo is the mother and natural guardian of Erica Carrasquillo (hereinafter the infant) who was born in October 1993. On April 17, 2001, Lisa Carrasquillo commenced the instant action for personal injuries sustained by the infant and her own derivative claim. The complaint alleges, inter alla, that on June 10, 2000, the infant fell from a ladder on playground equipment owned by the defendants due to their negligence. Issue was joined by defendants’ answer on or before May 3, 2001. On February 25, 2002, defendants conducted a pretrial deposition of the infant.
Applicable Statutes
CPLR 4016 (a) provides in pertinent part as follows:
“Opening and closing statements “(a) Before any evidence is offered, an attorney for each plaintiff having a separate right, and an attorney for each defendant having a separate right, may make an opening statement. At the close of all the evidence on the issues tried, an attorney for each such party may make a closing statement in inverse order to opening statements.”
CPLR 3115 (a) and (d) provide as follows:
“Objections to qualification of person taking deposition; competency; questions and answers “(a) Objection when deposition offered in evidence. Subject to the other provisions of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying. . . .
“(d) Competency of witnesses or admissibility of testimony. Objections to the competency of a wit *173 ness or to the admissibility of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if objection had been made at that time.”
CPLR 4517 (a) (1) provides as follows:
“Prior testimony in a civil action “(a) Impeachment of witnesses; parties; unavailable witness. In a civil action, at the trial or upon the hearing of a motion or an interlocutory proceeding, all or any part of the testimony of a witness that was taken at a prior trial in the same action or at a prior trial involving the same parties or their representatives and arising from the same subject matter, so far as admissible under the rules of evidence, may be used in accordance with any of the following provisions:
“1. any such testimony may be used by any party for the purpose of contradicting or impeaching the testimony of the same witness.”
Discussion
The motion in limine is usually a pretrial ruling made upon application by either party for the purpose of precluding the use of a reference to prejudicial evidence at trial, whether in an opening statement or during the evidentiary process (Haig, Commercial Litigation in New York State Courts § 36:6 [3 West’s NY Prac Series 2d ed]). Plaintiffs did not set forth the procedural history pertaining to the taking of the infant’s deposition at the time of their application. In the absence of same, the motion to limit defendants’ opening statements places the court in a difficult position of rendering a decision in a vacuum.
It is customary and proper for counsel, in opening, to tell the jury what the issues are, as well as what they expect to prove (De Vito v Katsch, 157 AD2d 413, 415 [2d Dept 1990]). CPLR 4016 (a) does not address the permissible scope of opening statements. Instead, the permissible scope of opening statements may be better defined by what counsel is not allowed to do (Haig, Commercial Litigation in New York State Courts § 36:18, at 778). The case law reveals that, at a minimum, the substance of a party’s opening statement is limited by the lawyer’s Code of Professional Responsibility or what is otherwise prohibited by the court as unfairly prejudicial to *174 another party (id.). In so doing, the parties should be allowed in the openings to define the issues in the case by reference to claims, cross-claims, counterclaims, and defenses (id. at 779). A party may reveal the substance of the pleadings in the openings, including any statements, admissions, and allegations because “[t]he pleadings are before the court, not as evidence, but to point out the object to which evidence is to be directed” (id.).
Plaintiffs contend that the infant was too young to take an oath at the time of her pretrial deposition and that it should be deemed unsworn. They further contend that as unsworn statements they should be inadmissible at trial and therefore should not be referred to in defendants’ opening statement. Defendants contend that the infant was properly sworn at the time of her pretrial deposition, that her responses at the deposition reveal her competency, and that the application to bar comment or admission of her statements is either untimely or waived by the failure to raise it before.
There is no dispute that the infant made prior statements about issues in controversy in the instant action by the mere fact that the pretrial deposition occurred. Additionally, plaintiffs did not aver the existence of any prior court orders or stipulation of the parties that restricted the use of said statements at trial. Plaintiffs’ motion to bar defendants from referring to the infant’s pretrial deposition during opening rests solely on the assumption that this court will deem it to be unsworn testimony and, as such, inadmissible.
“Once a proper foundation is laid, a party may show that an adversary’s witness has, on another occasion, made oral or written statements which are inconsistent with some material part of the trial testimony, for the purpose of impeaching the credibility and thereby discrediting the testimony of the witness.” (Prince, Richardson on Evidence § 6-411, at 405 [Farrell 11th ed].) Assuming a proper foundation is made, a prior statement, even if unsworn, may be used to impeach a witness’s trial testimony (see People v Keys, 18 AD3d 780-781 [2d Dept 2005], citing People v Duncan, 46 NY2d 74 [1978]). Since the infant’s pretrial statements may be used to impeach her trial testimony, plaintiffs’ application to bar defendants from referring to them during opening statements is properly denied.
Defendants claim that plaintiffs’ application to bar them from using the infant’s pretrial deposition testimony at trial is either *175 untimely or waived. CPLR 3115 (d) provides that objections to the competency of a witness or to the admissibility of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if objection had been made at that time. An objection to the competency of a witness due to infancy is not obviated or removed by raising it at the time of the deposition because the state of infancy does not change simply by raising the objection.
Therefore plaintiffs’ motion to bar use of the infant’s prior statement is timely (see Quinones v Caballero, 10 Misc 3d 486, 491 [Sup Ct, Bronx County 2005]). The court was provided with the infant’s pretrial deposition transcripts for inspection. They reveal that a notary public administered an oath to the infant before defendants’ counsel commenced the infant’s examination. The transcripts were certified by the notary public and were not signed by the infant. Defendants’ counsel asked the infant the following three questions pertinent to the infant’s understanding of the nature of an oath (transcript at 5, line 18 through 6, line 3):
“Q. Do you know the difference between the truth and a lie?
“A. Yes.
“Q. What is the difference?
“A. When you lie, you don’t tell the right thing, and when you tell the truth, it is what actually happens.
“Q. What are you going to tell us here today?
“A. The truth.”
There is no precise age at which an infant is competent to testify under oath. The test is always an individual one (see generally Prince, Richardson on Evidence § 6-106, at 314-315 [Farrell 11th ed]). Prior to November 1, 2003, there was a rebuttable presumption that a child under 12 years of age was not competent to be sworn in a criminal trial (CPL 60.20 [2]; People v Nisoff, 36 NY2d 560, 565-566 [1975]). As of November 1, 2003, CPL 60.20 (2) was amended to lower the age of presumed incompetence to under nine years of age.
To overcome the rebuttable presumption of incompetence to testify under oath, an infant must demonstrate sufficient intelligence and capacity to justify reception of his testimony and have some conception of obligations of an oa!th and consequences of giving false testimony. When a child of tender *176 years is called as a witness, it becomes the duty of the trial judge to examine into the witness’s competency; a failure to conduct a preliminary examination is error (Kapuscinski v Kapuscinski, 75 AD2d 576 [2d Dept 1980]). In civil actions, the usual rule is that a child may not testify unless under oath or pursuant to affirmation (Stoppick v Goldstein, 174 App Div 306 [2d Dept 1916]). In this case the eight-year-old child was examined before a notary public at a pretrial examination in the absence of prior judicial determination of the infant’s testimonial capacity and ability to understand the nature of an oath. Our courts have already held that examination of an infant by a notary public is improper. This is premised on the fact that the notary public has no authority to make the inquiry and determination of the infant’s competence. Furthermore, only a judge can assure that appropriate safeguards will be taken for the infant’s protection (see Arnold v Williams, 17 Misc 2d 953 [Sup Ct, NY County 1959]). Some of our trial court judges have permitted the taking of depositions of those infants found able to be sworn but only under the direct supervision of the court (see Cavuoto v Smith, 108 Misc 2d 221 [Sup Ct, Monroe County 1981]). At this juncture at trial in 2008, the court cannot go back in time and retroactively determine that the infant was competent to take an oath back on February 25, 2002. That determination needed to be made before the oath was administered not after. It is noted that the limited inquiry made by defendants’ counsel would have been insufficient to rebut the presumption of incompetence had the same inquiry been made by the court.
Therefore, in the absence of a judicial determination of the infant’s competency, the pretrial deposition taken of the infant is deemed unsworn. As an unsworn statement, the transcript is not prior testimony as contemplated within the meaning of CPLR 4517. Furthermore, any statements therein may not be used affirmatively as direct evidence and may only be used for impeachment purposes as prior inconsistent statements (People v Freeman, 9 NY2d 600, 605 [1961]). Moreover, since the statements are neither subscribed nor under oath their admission is limited to the manner permitted by common law. However, because the infant is a party, the common-law limitation requires no additional hurdles because, the statements may be deemed admissions of a party.
Plaintiffs’ application to bar defendants from referring to the infant’s pretrial deposition testimony during opening state *177 ments is denied. Plaintiffs’ motion for an order finding the infant’s pretrial deposition testimony inadmissible at trial is also denied in accordance with the foregoing.